## Setser v. Corbin Council No. 80, Junior Order United American Mechanics.

(Decided October 28, 1932.)

HIRAM H. OWENS for appellant.

B. B. SNYDER for appellees.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Reversing.

In a controversy between Robert Setser and his stepmother and her children, Robert was unsuccessful and has appealed. On July 24, 1917, Nathan M. Setser became a member of Corbin Council No. 80 of the Junior Order United American Mechanics. He was in good standing on November 29, 1930, when he died. This society, a Pennsylvania corporation, maintains an insurance department and a funeral benefit department for the payment of what is known as funeral benefits.

The benefits in this case are alleged to be $500 and are, by the laws of the society, payable to the same class of persons set out in section 681c-6, Ky. Stats.

The laws of the society further provide:

"Gen. Sec. 473, Sec. 41, No beneficiary has any vested interest in a certificate until the death of the member to whom it was issued."

A similar provision is made by section 681c-6, Ky. Stats.

Nathan M. Setser had not prior to July 20, 1930, designated any one as beneficiary. Upon that day he executed and there was by him transmitted to and filed with Corbin Council No. 80, J. O. U. A. M., the following paper:

"Corbin, Kentucky.    July 20, 1930.

"The Junior Order United American Mechanics, Council No. 80, Corbin, Kentucky.

"Sirs: This is to certify that I desire to change my death benefits that I have with said order. I wish to make it to my son, Robert Setser, who is a member of said Council. He is seeing to my support, and care. I have been away from my home for the past four months and my wife has never been to see me or try to do anything in any way to help care for me.

"[Signed] (x) N. M. Setser,

"Witness:

"[Signed] G. W. Walden,

"G. T. Gregory."

Nathan M. Setser had been married twice and after his death this $500 was claimed by Robert Setser who is a child of Nathan M. Setser by his first wife and is the one designated in the above writing as beneficiary, and it was also claimed by Minnie Setser, the second wife and surviving widow of Nathan M. Setser, and his three children of this second marriage, so Corbin Council No. 80 declined to pay it to any one.

The widow and her children sued Corbin Council No. 80, Robert Setser intervened and set up his designation as beneficiary, and Corbin Council No. 80 paid the $500 to the First National Bank of Williamsburg at the request, and on the agreement, of these claimants, and Corbin Council No. 80 was allowed to go without day.

Mrs. Setser and her children in their pleading set up this by-law of this society passed in 1929:

"June 18, 19, and 20, 1929.

"General Section 920.

"Nothing herein shall prevent a member from designating with his council his beneficiary. Such designation must be by, and with the consent of his council."

These claimants have agreed and stipulated that Nathan M. Setser on July 20, 1930, designated Robert Setser as his beneficiary and had not previously made a designation, and that this designation was by and with the consent of (the) council.

We have already stated there is a provision in the laws of this society and in section 681c-6 Ky. Stats., fixing the class of persons that may be made beneficiary, of this funeral benefit, that is, it must be paid to the wife, children, parents, etc., of the insured, but there is nothing in the laws of the society that are before us or in the statute that requires that this shall be paid to them in the order named, on the contrary it clearly appears that there is merely a class designated from which the insured may select the beneficiary he desires, and in this case the insured selected Robert Setser from such class and designated him, and by that designation other members of the class are excluded.

In view of this, Robert Setser was clearly entitled to have this $500 paid to him, and it is now so ordered and the judgment appealed from is reversed.